## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

## NEW YORK

| | |
|---|---|
| Sidewalk Blues, LLC and<br>Ira Rothbaum<br><div align="center">Plaintiffs,</div><br><div align="center">v.</div><br>Pearl Global Industries Limited, Pearl Global<br>Limited, Pearl Global (HK) Limited, Mahesh Kumar<br>Seth, Deepak Kumar Seth and Pulkit Seth.<br><div align="center">Defendants.</div> | Civil Action No.<br><br><br>Complaint |

### Nature of the Case

1.      This is an action under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 et seq. the New York State Labor Law (the "Labor Law"), N.Y. Lab. L. §§ 190-199, and the New York common law, for failure to pay wages and overtime pay in violation of the FLSA and the Labor Law, for breach of contract, and for unjust enrichment.

2.      This case is about employers that were required to pay wages pursuant to a term contract and failed to do so in violation of the law.

3.      Plaintiffs further allege that Defendants violated the anti-retaliation provisions of the FLSA and/or NYLL by terminating their relationship in response to complaints about not being paid in violation of the law.

4.      Plaintiffs seek an award of appropriate relief against all Defendants.

### The Parties, Jurisdiction and Venue

5.      Plaintiff, Sidewalk Blues, LLC is a corporation incorporated under the laws of the State of New Jersey with its principle place of business located in Cresskill, New Jersey.

6.      Ira Rothbaum is an adult individual residing in Cresskill, New Jersey and sole member of Sidewalk Blues, LLC.

7.      Defendant Pearl Global Industries Limited is a foreign business corporation with its principle place of business located in New York, New York.

8.      Defendant Pearl Global Limited is a foreign business corporation with its principle place of business in New York, New York.

9.      Defendant Pearl Global (HK) Limited is a foreign business that conducts substantial business from offices located in New York, New York.

10.     Defendants Pearl Global Industries, Pearl Global Limited and Pearl Global (HK) Limited are collectively herein after referred to as the Pearl Defendants.

11.     Defendant Mahesh Kumar Seth is an adult individual who resides in California, is a director of the Pearl Defendants, and conducts substantial business from the Pearl Defendants' office located in New York, New York.

12.     Defendant Deepak Kumar Seth is an adult individual who is a director of the Pearl Defendants who also conducts substantial business from the Pearl Defendants' offices located in New York, New York.

13.     Defendant Pulkit Seth is an adult individual who is a director of the Pearl Defendants who conducts substantial business from the Pearl Defendants' office located in New York, New York.

14.     Defendants Mahesh Kumar Seth, Deepak Kumar Seth and Pulkit Seth are collectively hereinafter referred to as the Individual Defendants.  The Individual Defendants engaged in business within this judicial district during the relevant time period.  The Individual Defendants are sued in their individual capacity as owner, officer and/or agent of the Pearl

Defendants.  The Individual Defendants possess operational control over the Pearl Defendants, an ownership interest in the Pearl Defendants, and control significant functions of the corporate Pearl Defendants.   The Individual Defendants determined the wages and compensation of the Pearl Defendants' employees, including Plaintiffs, establish the schedule of employees, maintain employee records, and had the authority to hire and fire employees.

15.     The Pearl Defendants and Individual Defendants are joint and/or single employers.

16.     Defendants operate facilities in New York, New York in the private label apparel industry.

17.     Individual Defendants possess operational control over the Pearl Defendants, possess ownership interest in the Pearl Defendants, and control significant functions of the Pearl Defendants.

18.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over employees.

19.     Each Defendant possessed substantial control over Plaintiffs' working conditions and relationship, and over the policies and practices with respect to the employment and compensation of Plaintiffs.

20.     Defendants jointly employed Plaintiff Rothbaum and are Plaintiff Rothbaum's employers within the meaning of 29 U.S.C. § 201 et seq.

21.     In the alternative, Defendants constitute a single employer of Plaintiff Rothbaum.

22.     Upon information and belief, Individual Defendants operate the Pearl Defendants as either an alter ego of themselves and/or fail to operate the Pearl Defendants as a entitle legally separate and apart from themselves, by among other things:

(a)     failing to adhere to the corporate formalities necessary to operate the Pearl Defendants as a Corporation;

(b)     defectively forming or maintaining the corporate entity of the Pearl Defendants by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts between all Defendants;

(d)     operating the Pearl Defendants for their own benefit as the sole or majority shareholders;

(e)     operating the Pearl Defendants for their own benefit and maintaining control over these corporations as a closed Corporation;

(f)     intermingling assets and debts of their own with the Pearl Defendants;

(g)     diminishing and/or transferring assets of the Pearl Defendants to avoid full liability as necessary to protect their interests; and,

(h)     other actions evincing a failure to adhere to the corporate form.

23.     At all relevant times, Defendants were Plaintiff Rothbaum's employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiff Rothbaum, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for services.

24.     In each year from 2018 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes).

25.     Upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce.

26.     This Court has jurisdiction over Plaintiffs' claims pursuant to the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1367(a), 2201 and 2202.

27.     This Court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332.

28.     Venue is proper in this district pursuant to the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1391 because all or a substantial portion of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their offices within this district, and Defendants operate from facilities located in this district.

**Facts**

29.     In or about February 2019, Plaintiffs entered into a written contract with the Defendants.

30.     Per the January 2019 contract, Defendants employed Mr. Rothbaum – President of SBI – as their Executive Vice President for North America.

31.     Per the January 2019 contract, Plaintiffs were entitled to $18,750 paid semi-monthly and commissions based on net sales.

32.     Per the January 2019 contract, the relationship was "for a term of one year and shall be renewed automatically unless terminated earlier . . .  upon 90 days written notice."

33.     Mr. Rothbaum performed the work in accordance with the January 2019 contract, frequently working more than 40 hours each workweek.

34.     The Defendants partially compensated Plaintiffs in accordance with the January 2019 contract; however, Defendants did not compensate Mr. Rothbaum for all wage, overtime wages and commission owed.

35.     In or about December 2019, Plaintiffs entered into a written contract with Defendants.

36.     Per the December 2019 contract, Defendants continued to employ Mr. Rothbaum - President of SBI - as their Executive Vice President for North America.

37.     Per the December 2019 contract, Plaintiffs were entitled to $18,750 paid semi-monthly and commissions based on net sales.

38.     Per the December 2019 contract, the relationship was "non-cancellable till February 15, 2020, then renewable annually thereafter" with a 120 day notice of termination provision during which Plaintiffs "continue to be paid."

39.     Mr. Rothbaum performed work in accordance with the December 2019 contract, frequently working more than 40 hours each workweek.

40.     At no time, did Defendants compensate Mr. Rothbaum for all wages, overtime wages and commissions owed to him.

41.     Per the terms of the December 2019 contract, the contract renewed for a one year term effective February 16, 2020.

42.     Plaintiffs continued to perform work in accordance with the parties' agreement.

43.     Defendants did not compensate Mr. Rothman for all wages owed to him, including straight time, overtime and commissions deemed payable.

44.     On or about March 10, 2020, Plaintiffs entered into an Amendment with the Defendants.

45.     Per the Amendment, the terms outlined in the December 2019 contract renewed for a one year term ending March 31, 2021.

46.     Per the Amendment, only after March 31, 2021 could the agreement be terminated upon 60 days written notice, during which period Plaintiffs would also continue to be paid.

47.     Per the Amendment, Plaintiffs were entitled to $12,500 per month plus commissions, paid semi-monthly.

48.     Plaintiffs continued to perform work in accordance with the parties' agreements.

49.     Mr. Rothbaum continued to frequently work over 40 hours per workweek.

50.     In March 2020, Defendants again failed to pay Plaintiffs the amounts owed under the above referenced agreements, including wages, overtime wages and commissions deemed payable.

51.     In April 2020, Mr. Rothbaum complained to the Defendants about not being paid.

52.     By the above complaints, Plaintiff Rothbaum engaged in a protected activity under the FLSA and NYLL.

53.     Despite continuing to work in accordance with the above agreements, Defendants failed to compensate Plaintiffs for the wages owed.

54.     In early April 2020, Defendants terminated Plaintiffs relationship in retaliation for Plaintiff's complaint about not being paid.

55.     Defendants subsequently reassigned Plaintiffs' job duties and responsibilities to other employees after the above referenced termination, as such duties and responsibilities remained a critical part of Defendants' ongoing business operations.

56.     Defendants continue to refuse to pay Plaintiffs in breach of the parties' agreements.

57.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs.

58.     Defendants further failed to provide Plaintiff Rothbaum with accurate wage statements or notices per NYLL § 195(1), and (3).

## Count One (Breach of Contract)

59.     Plaintiffs repeat and reallege every allegation in Paragraphs 1 through 58 of this Complaint with the same force and effect as though fully set forth herein.

60.     Plaintiffs fully performed the contractual obligations to Defendants.

61.     Defendants conduct, as alleged herein, constitutes a breach of Defendants' contract with Plaintiffs and a breach of Defendants' contractual obligations to Plaintiffs.

62.     Defendants breached their contractual obligations to Plaintiffs by failing to pay amounts due and owing per the terms of their agreements including, but not limited to, in the form of wages and commissions.

63.     Plaintiffs have been damaged, and they are entitled to a judgment against Defendants and an award on their claims of breach of contract, in an amount to be determined at trial, together with interest thereon, to compensate Plaintiffs for Defendants' breach of contract and Defendants' failure to pay Plaintiffs amounts due and owing.

## Count Two (FLSA Violation Non-Payment of Wages)

64.     Plaintiffs repeats and realleges every allegation in Paragraph 1 to 63 of this Complaint with the same force and effect as though fully set forth herein.

65.     Plaintiff Rothbaum was an "employee" within the meaning of the FLSA.

66.     Each Defendant was and is an "employer" within the meaning of the FLSA and were Plaintiff's employers.

67.     Plaintiff Rothbaum was engaged in commerce and/or the Defendants were an enterprise engaged in commerce within the meaning of the FLSA.

68.     The Defendants failed to pay Plaintiff Rothbaum wages and overtime pay, in violation of the FLSA.

69.     The Defendants unlawful conduct and failure to pay Plaintiff Rothbaum wages and overtime pay, as alleged herein, was willful within the meaning of the FLSA and in reckless disregard of the requirements of the FLSA, and not in good faith and lacking reasonable grounds for believing that its or their acts or omissions were not in violation of the FLSA.

70.     As a direct result of the Defendants' unlawful conduct, including without limitation their violation of the FLSA and failure to pay Plaintiff Rothbaum wages and overtime pay, Plaintiff Rothbaum has suffered substantial monetary damages, including, without limitation, damages for unpaid wages and overtime pay, lost interest, and attorneys' fees and costs.

71.     As a direct result of the Defendants' unlawful conduct, including without limitation their violation of the FLSA and failure to pay Plaintiff Rothbaum wages and overtime pay, Plaintiff Rothbaum is entitled to recover damages from the Defendants under the FLSA, including without limitation, damages for unpaid wages and overtime pay, lost interest, and attorneys' fees and costs.

72.     Plaintiff Rothbaum is further entitled to recover liquidated damages from the Defendants in an amount equal to 100% of Plaintiff Rothbaum's unpaid wages and overtime pay under the FLSA.

73.     Plaintiff Rothbaum has been damaged, and is entitled to a judgment against the Defendants in an amount to be determined at trial, together with interest thereon, to compensate Plaintiff Rothbaum for the Defendants' violation of the FLSA and failure to compensate Plaintiff Rothbaum for wages and overtime.

74.     Plaintiff Rothbaum is further entitled to recover attorneys' fees and costs against each of the Defendants.

### Count Three (FLSA Retaliation)

75.     Plaintiffs repeated and reallege every allegation in Paragraph 1 to 74 of this Complaint with the same force and effect as though fully set forth herein.

76.     Defendants' termination of their relationship with Plaintiffs constitutes an adverse employment action.

77.     These actions were causally connected to Plaintiff Rothbaum's complaints about his pay.

78.     Defendants violated the provisions of Section 15(a)(3) of the FLSA by discriminating against Plaintiffs for exercising rights protected under the FLSA.

79.     As a result of these violations, Plaintiffs are entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

## Count Four (N.Y. Lab. L. §§ 190-199)

80.     Plaintiffs repeat and reallege every allegation in Paragraphs 1 to 80 of this Complaint with the same force and effect as though fully set forth herein.

81.     Plaintiff Rothbaum was an "employee" within the meaning of the N.Y. Labor Law.

82.     Each Defendant was and is an "employer" within the meaning of the N.Y. Labor Law and were Plaintiff's employers.

83.     Plaintiff Rothbaum's compensation and benefits with the Defendants were "wages" within the meaning of the Labor Law.

84.     Plaintiff Rothbaum's unpaid wages and benefits as alleged herein constitute "wages" within the meaning of the Labor Law.

85.     The Defendants failed to pay Plaintiff Rothbaum wages (including commission owed) and overtime pay, in violation of the Labor Law.

86.     The Defendants violated the substantive provision of the Labor Law, including without limitation Sections 191, 193, and 198 of the Labor Law.

87.     As a direct result of the Defendant's unlawful conduct, including without limitation their violation of the Labor Law and failure to pay Plaintiff Rothbaum wages and overtime pay,

Plaintiff Rothbaum has suffered substantial monetary damages, including, without limitation, damages for unpaid wages and overtime pay, lost interest, and attorneys' fees and costs.

88.     As a direct result of the Defendants' unlawful conduct, including without limitation, their violation of the Labor Law and failure to pay Plaintiff Rothbaum wages and overtime pay, Plaintiff Rothbaum is entitled to recover damages from the Defendants under the Labor Law, including, without limitation, damages for unpaid wages and overtime pay, lost interest, and attorneys' fees and costs.

89.     Plaintiff Rothbaum is further entitled to recover liquidated damages from the Defendants in an amount equal to 100% of Plaintiff Rothbaum's unpaid wages and overtime pay under the Labor Law.

90.     Plaintiff Rothbaum has been damaged, and is entitled to a judgment against the Defendants in an amount to be determined at trial, together with interest thereon, to compensate Plaintiff Rothbaum for the Pearl Defendants' violation of the Labor Law and failure to compensate Plaintiff Rothbaum for wages and overtime.

91.     Plaintiff Rothbaum is further entitled to recover attorneys' fees and costs against each of the Defendants under the Labor Law.

## Count Five (NYLL Retaliation)

92.     Plaintiffs repeat and reallege every allegation in Paragraphs 1 through 91 of this Complaint with the same force and effect as though fully set forth herein.

93.     By complaining about his pay, Plaintiff Rothbaum engaged in a protected activity under the NYLL.

94.     Defendants' termination of their relationship with Plaintiff Rothabum were adverse actions under the NYLL.

95.     These actions were casually connected to Plaintiff Rothbaum's complaints about his pay.

96.     Defendants violated the provisions of the NYLL § 215 by retaliating against Plaintiffs for exercise protected rights.

97.     As a result of these violations by Defendants, Plaintiffs are entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

### Count Six (Notice and Record Keeping)

98.     Plaintiffs repeat and reallege every allegation in Paragraphs 1 through 97 of this Complaint with the same force and effect as though fully set forth herein.

99.     Defendants failed to provide Plaintiff Rothbaum with a written notice as required by NYLL § 195(1).

100.    Defendants are liable to Plaintiff Rothbaum in the amount of $5,000, together with costs and attorneys' fees.

### Count Seven (Wage Statements)

101.    Plaintiffs repeat and reallege every allegation in Paragraphs 1 through 100 of this Complaint with the same force and effect as though fully set forth herein.

102.    With respect to each payment of wages, Defendants failed to provide Plaintiff Rothbaum with an accurate statement as required by NYLL 195(3).

103.    Defendants are liable to Plaintiff Rothbaum in the amount of $5,000, together with costs and attorneys' fees.

### Count Eight (Unjust Enrichment)

104.    Plaintiffs repeat and reallege every allegation in Paragraphs 1 through 103 of this Complaint with the same force and effect as though fully set forth herein.

105.     The Defendants have been unjustly enriched at Plaintiffs' expense, among other items, failing to pay Plaintiffs for work rendered by Plaintiffs to the Defendants.

106.     The circumstances are such that equity and good conscious require the Defendants to make full restitution to Plaintiffs.

107.     By reason of the foregoing, Plaintiffs have been damaged, and are entitled to a judgment against the Pearl Defendants, in an amount to be determined at trial, together with interest thereon, to compensate Plaintiffs for the Defendants' unjust enrichment and Defendants' failure to pay Plaintiffs per the terms of their agreements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demands judgment in favor of Plaintiffs against Defendants on all Counts, as follows:

(a)     Award Plaintiffs unpaid wages and unpaid overtime wages due under the FLSA and NYLL;

(b)     Award Plaintiffs liquidated damages in the amount of his unpaid FLSA wages per 29 U.S.C. § 216(b);

(c)     Award Plaintiff damages per NYLL § 663;

(d)     Award Plaintiffs appropriate damages for Defendants' breach of a term contract;

(e)     Award Plaintiffs appropriate damages for the retaliatory acts taken against them, including back pay, from pay in lieu of reinstatement, emotional distress, other appropriate actual, general or compensatory damages, and punitive damages, in an amount to be determined at trial;

(f)     Award Plaintiffs interest;

(g)     Award Plaintiffs the costs of this action together with reasonable attorneys'
fees;

(h)     Award Plaintiffs damages for Defendants' violation of the NYLL notice and
record keeping requirements, per NYLL §§198(1-b), 198(1-d); and,

(i)     All such other and further relief as the Court deems just and proper.

### Demand for Trial by Jury

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial
by jury on all questions of fact raised by the Complaint.


05/14/2020

By:     */s George C. Morrison*
        George C. Morrison
        White and Williams LLP